UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ROSE O. GALLUCCI,
MARJORIE PETRUCELLI,
      Plaintiffs.

v.                              CA No.:

**MARY WALSH;** in his capacity
as Secretary of Labor,
**DENNIS McDONOUGH,** in his capacity
as Secretary of the Veterans Administration
**CHRISTOPHER GODFREY;** in his
capacity as Director of Office of Workers
Compensation Programs,
      Defendants.

## COMPLAINT

    Now comes Rose Gallucci, and Marjorie Petrucelli, the Plaintiffs, and hereby pray that the Office of Workers Compensation (hereafter "OWCP") be Mandated to comply with the Administrative Judges April 19th, 2016 Order to provide an accounting from the Providence, RI Veterans Administration Medical Center (hereafter "VA") and compensate her for her lost wages from 2011 to the present time

    Plaintiff alleges as follows:

1. The Venue is correct as the Plaintiffs are residents of the State of Rhode Island and remains employees of the VA and their injuries were incurred while at work at the Veterans Affairs Medical Center (hereinafter "VAMC") in Providence, Rhode Island.

2. There is proper jurisdiction, and this matter is properly before this Court under the Rehabilitation Act of 1973, and 5 USC § 2302, et als., Prohibited Personnel Practices

3. That the Plaintiff seeks Declaratory Judgment and injunctive relief pursuant to 28 U.S.C. § 2801.

4. That the amount in controversy is over seven hundred fifty thousand ($750,000.00) dollars.

5. That exhaustion of administrative remedies may be excused because it would cause prejudice to the Plaintiff due to the unreasonable delay and indefinite timeframe for administrative action deployed by OWCP and the VA; the agency lacks the ability or competence to resolve the issue and grant the requested relief; appealing through the

administrative process has been futile because the OWCP and VA are biased and have predetermined the issue. *McCarthy v. Madigan*, 503 U.S. 140, 146-148 (1992).

## Facts related to Ms. Gallucci

6. On April 19th, 2016, a three-judge panel of Administrative Judges Christopher J. Godfrey, Patricia H. Fitzgerald, and Colleen Duffy Kiko, ordered that a June 3, 2015 decision of the Workers Compensation Program be set aside, and the case be remanded for further proceedings consistent with the three judge Order.

7. That Order brought into question the math behind the compensation package proposed to the Plaintiff; wherein the Plaintiff was making more than ninety thousand ($90,000.00) dollars per year prior to her accidents at the VA and currently is making twelve thousand ($12,000.00) dollars per year.

8. In April of 2011, The Plaintiff's, "light duty" assignment was changed from a GS9 step 10 to a GS3 step ten with no justification except "that's what we have available" and "OWCP will pay the difference", which they did not.

9. That the OWCP not only did not supplement her compensation, but deducted payment for health insurance and other deductions from her GS3 pay.

10. This single action means the Plaintiff is owed over five-hundred-seventy thousand ($570,000.00) dollars in compensation to this date.

11. In April of 2015 they eliminated The Plaintiff's position entirely with no apparent reasoning, stating, "We will work with DOL to find a suitable position", which they did not.

12. The Plaintiff was passed over by the Providence VAMC for a position that would have been a reasonable accommodation for a respiratory therapist doing pulmonary function tests, which was within her capacity and in her pay grade and even though she is a Schedule A employee.

13. The VA has refused to provide retraining

14. Today the Plaintiff subsists on just over a thousand ($1,000.00) dollars a month in OWCP payments as she has for many years.

15. That the Plaintiff is not retired.

16. That the Plaintiff is a schedule A employee due to workplace injuries.

17. That on June 15th, 2015, the Veterans Administration ("VA") stated to the Plaintiff that it appeared she had "work capacity", and therefore the VA would "notify the Department of Labor to assist her in finding a "suitable work assignment."

18. That Schedule A is a priority hire without competition.

19. That the Plaintiff is disabled through no fault of her own.

20. That the Plaintiff was injured by unsafe work conditions at the Providence VA.

21. It has been more than a thousand days since the April 19th, 2016 Order was issued and the Office of Workman's Compensation has been non-compliant with that Order.

22. That as per the OWCP order the VA must do a fair accounting of the past compensation fairly owed the Plaintiff.

23. And pay the Plaintiff accordingly.

24. It is impossible that there has not been one suitable work assignment in four years anywhere in the Federal Sector.

## Facts related to Ms. Petrucelli

25. Marjorie Petrucelli was a full time VA employee in 2015, when she was assaulted by a VA patient and injured her back and hip.

26. Ms. Ptrucelli also suffers from PTSD from that event

27. The VA refuses to recognize her PTSD claims as a compensable injury.

28. The VA placed her on OWCP but eventually charged her time as "Absent without Leave". ("AWOL")

29. This designation of AWOL had a negative effect on her pay and benefits.

30. The VA refused to apply reasonable accommodation and rehabilitation training.

31. The VA placed the Plaintiff in a temporary position and phased the position out, so the Plaintiff had no position at all.

32. The Plaintiff had filed an EEOC complaint.

33. The VA disciplined her for and retaliated against her because of that complaint.

34. The VA forced her out of a position due to her disability and harassed her to try to get her to retire.

35. The Plaintiffs wages and benefits were negatively affected by these personnel moves.

# COUNT I

## DISCRIMINATION AND RETALIATION IN CONTRAVENTION OF THE REHABILITATION ACT OF 1973

36. The Plaintiffs herein incorporate and reallege paragraphs 1-35.

37. The Rehabilitation Act of 1973 covers Federal Employees with regards to disability, reasonable accommodation and training, and non-retaliations against injured employees who are injured on the job.

38. The VAMC knowingly retaliated against these injured employees by reducing their ranks, their benefits, and refusing to reasonably accommodate them, manufacturing disciplinary actions toward them, and attempting to force them into retirement.

39. The Department of Labor and the Office of Workers Compensation failed in their due diligence toward the Plaintiffs and lent a blind eye to the VA's actions, deferring to the agency without questioning the bad accounting and retaliatory actions against the Plaintiffs.

40. The VA, DOL, and OWCP have a duty of care to the Plaintiffs under the disability laws, including, but not limited to reasonable accommodation, retaliation, retraining, which they failed to do for the Plaintiffs.

# COUNT II

## 5 USC § 2302 PROHIBITED PERSONNEL PRACTICES

41. The Plaintiffs herein incorporate and reallege paragraphs 1-35.

42. Under 5 USC § 2302 Federal employees may not discriminate.

43. The VA discriminated against the Plaintiffs based on disability when they refused reasonable accommodations, retraining, and they reduced their benefits and status in the organization because of their injuries.

44. Under 5 USC § 2302 an employee may not willfully obstruct a person from competing for employment. The VA forced the Plaintiffs into part time positions, which they then phased out, leaving the Plaintiffs without a position. They then tried to harass the Plaintiffs into retirement.

45. Under 5 USC § 2302 the VA may not violate any law in contravention of merit system principles. The VA reduced the Plaintiffs pay grades and positions, refused accommodation and retraining, and attempted to force the Plaintiffs out of federal employment.

46. Under 5 USC § 2302 the VA must not fail to take personnel actions in violation of veteran's preference laws. The VA failed to take steps to reasonably accommodate a schedule A employee by placing her in a position she was qualified for in order to keep her in a part time position that was planned to be phased out leaving the Plaintiffs without a position.

WHEREAS, the Plaintiff prays that the Court will hear their plea, award the Plaintiffs back pay and restitution of benefits such as losses to retirement and health care costs, related to their employment, and enforce an Order consistent with the facts and requests herein.

PLAINTIFF PRAYS FOR A TRIAL BY JURY ON THE ISSUES SO JUSTICIABLE

> Respectfully Submitted,
> Rose O. Gallucci
> Marjorie Petrucelli
> By their attorney,
> /S/Thomas E. Folcarelli
> Thomas E. Folcarelli #6393
> 478 Broadway,
> Providence, RI 02909
> 401-261-6656
> 401-619-5129 fax
> tfolcarelli@gmail.com

# CERTIFICATION

I HEREBY Certify that on the 22nd day of March 2021, I did cause a true copy of the within Complaint to be mailed, USPS priority mail to:

US Attorney
50 Kennedy Plaza 7th Floor
Providence, RI 02903

Secretary of Labor or Designee
Director of OWCP or Designee
US Department of Labor
Office Workers Compensation Programs
PO Box 8300 District 50
London, KY 401742-8300; and to:

Secretary of Veterans Administration or Designee
810 Vermont Avenue
Washington, DC 20420                    /S/Thomas E. Folcarelli